Laconia Municipal Court,
No. 4615.

### STATE *v.* FERDINAND THIBODEAU.

Argued October 1, 1957.

Decided November 5, 1957.

*Louis C. Wyman*, Attorney General, *William J. Deachman*, Assistant Attorney General, and *James D. O'Neill*, county solicitor (*Mr. Deachman* orally), for the State.

*Normandin & Normandin* and *Thomas P. Cheney* (*Mr. Cheney* orally), for the defendant.

BLANDIN, J.   The question transferred, whether the court erred in denying the defendant's motion to dismiss the complaint, depends upon whether a finding that the complaint was not sworn to is compelled as a matter of law.   The record shows that the officer who made out the complaint testified without contradiction that he did so on July 7th and that it was signed in his presence "on the 8th" by the same judge who later heard the case.   There then appear certain interrogatories by defendant's counsel and the officer's answers upon which the defendant bases his motion for dismissal.

"Q.   Were you here on the 8th?
A.   Yes, Sir.
Q.   You brought the complaint to the Judge?
A.   That's right.   He signed it.
Q.   Did the Judge ask you any questions?
A.   No questions.
Q.   Are you sure the Judge did not ask you anything?
A.   I am sure."

Following this, counsel for the defendant and the county solicitor "went over to see complaint" and defendant's counsel then moved it be dismissed "as the defendant has been brought into court without it being sworn," and excepted to the denial of his motion.

It is elementary under our law that all complaints such as involved here must be signed by the complaining party and sworn to before the municipal court justice, or some duly authorized person.   RSA 592:8.   See also, *Fletcher* v. *County*, 71 N. H. 96, 102, 103; 22 C. J. S., Criminal Law, s. 304.   If this is not done, it is a violation of Pt. I, *Art.* 19th of our Constitution.   The court is then without jurisdiction and the complaint must be dismissed.   *State*

v. *Mershon,* 39 N. J. Super. 599. The defendant therefore is correct in his contention that the loose practice of trying criminal offenses upon unsworn complaints, if such exists, is unlawful, and should be condemned. See *Matter of Napolis,* 169 App. Div. 469, 472, where the court goes so far as to characterize the failure of a notary to have an affiant appear and swear before him as "serious professional misconduct."

However, in the case before us the record compels no conclusion as a matter of law that such an error was committed. The complaint, which appeared regular on its face, could have been sworn to without the judge asking any questions. The previously·quoted testimony and answers relied upon by the defendant are equivocal and require no ruling that the complainant failed to take oath before the municipal court justice. The witness was at no time asked the direct question, as could easily have been done, whether he swore to the complaint before the judge but rather the interrogatories and answers may reasonably have been thought to have related to· other matters. The court might properly take notice of its own record and actions in this case. *Wellington* v. *Wellington,* 88 N. H. 482. See also, *LePage* v. *Company,* 97 N. H. 46, 52. It had its own certificate before it that the complaint had been sworn to (V Wig., Ev. (3rd *ed.*), *s.* 1676 b(1) ) and its denial of the motion to dismiss implied a finding that the oath was properly taken. It is not to be presumed that the court would fail to observe fundamental principles of law; "On the contrary, all presumptions are in favor of the legality of its action." *McLaughlin* v. *Union-Leader,* 100 N. H. 367, 369, and cases cited.

In summary, the record requires no conclusion that any error was committed. The order is

*Exceptions overruled.*

All concurred.